IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COUNTRY MUTUAL INSURANCE
COMPANY,

            Plaintiff,

v.

JONATHAN R. LUND, an individual,
SUE ELLEN DENNIS, an individual,
SUE ELLEN DENNIS as Personal
Representative for the ESTATE OF
DONALD DENNIS, CITY OF PORTLAND,
OFFICER DIONISIO MORALES,

            Defendants.

No. 03:14-cv-00594-HZ

OPINION & ORDER

Andrew D. Glascock
Jennifer A. Durham
HIEFIELD FOSTER & GLASCOCK, LLP
6915 S.W. Macadam Avenue, Suite 300
Portland, Oregon 97204

    Attorneys for Plaintiff

/ / /

1 - OPINION & ORDER

William J. Macke
WILLIAM J. MACKE & ASSOCIATES
4411 NE Tillamook Street
Portland, Oregon 97213

      Attorney for Defendant Jonathan Lund

HERNANDEZ, District Judge:

      In this action, Plaintiff Country Mutual Insurance Company seeks a judgment declaring that it has no duty to defend its insured Defendant Jonathan Lund in a separate civil action ("the Underlying Action"), and that it has no duty to indemnify any of the Defendants for any adverse judgment against them in the Underlying Action. Lund moves to dismiss the claims against him, or alternatively, moves to stay the claims pending resolution of the Underlying Action. Because I agree with Lund that Plaintiff has a duty to defend him in the Underlying Action, I grant the motion to dismiss that claim. Although I also agree with Lund that the indemnification claim should not be resolved now, I stay rather than dismiss the claim.

BACKGROUND

      The Underlying Action is a civil case brought by Sue Ellen Dennis individually and on behalf of the estate of her deceased husband Donald Dennis. That case is assigned to me and has been assigned case number 03:14-cv-00593-HZ. The Amended Complaint in that case names the City of Portland, Portland Police Officer Dionisio Morales, and Lund as Defendants. There, Sue Ellen Dennis alleges that Lund invited Donald Dennis to Lund's home on April 14, 2012, and served both himself and Lund alcohol until both men became extremely intoxicated. Underlying Action Am. Compl. at ¶ 8. The two men began to physically fight. Id. Morales arrived at the home and tasered Donald Dennis, leaving him incapacitated and unable to protect

himself. Id. at ¶ 9. Lund then got on top of Donald Dennis, smashed his head into the floor at least three times, and punched him in the head at least three times. Id. Donald Dennis was unconscious. Id. at ¶ 11. He was taken to a hospital and diagnosed with broken facial bones and brain trauma. Id. He may have suffered a stroke. Id. He never regained consciousness and died on April 19, 2012. Id.

Based on these facts, Sue Ellen Dennis brings three claims against the City and Morales, and a fourth claim against Lund for "Wrongful Death, Negligence, Assault and Battery." In that claim, after generally repeating the allegations contained in the earlier paragraphs of the Amended Complaint, id. at ¶ 24 (alleging, among other facts, that "Lund carelessly, recklessly and intentionally began to physically fight with Mr. Dennis"), she further alleges that as a "direct and proximate cause of defendant Lund's negligence, assault and battery of Mr. Dennis[,] [Mr. Dennis] suffered death, brain injury, broken bones, a stroke, permanent physical injury, physical injury, pain and suffering, emotional trauma, and economic loss." Id. at ¶ 25. Sue Ellen Dennis asserts that Lund "had a duty not to over-serve Dennis alcohol and not to smash Dennis's head into the ground and punch him in the head while he was incapacitated." Id. at ¶ 26. She further asserts that Lund breached this duty. Id. According to Sue Ellen Dennis, it was foreseeable, and a reasonable person would be aware, that over-serving a guest would lead to injury and that "intoxicated fighting [with] an incapacitated guest after over-serving him alcohol and smashing his head into the ground and punching him in the head would cause injury and grave injury." Id. She then alleges that Lund breached his duty of reasonable care. Id.

## DISCUSSION

In its First Amended Complaint in the instant case, Plaintiff alleges that at all relevant

3 - OPINION & ORDER

times, Plaintiff insured Lund under a homeowner's insurance policy ("the Policy").  First. Am. Compl. at ¶ 8.  Sue Ellen Dennis made a claim under the Policy for the wrongful death of Donald Dennis.  Id. at ¶ 9.  In responding to the claim, Plaintiff reserved its right to decline coverage for both a defense of the claim and indemnification of the claim.  Id. at ¶ 13.  As indicated above, Plaintiff seeks a judicial declaration that it has no duty to defend Lund in the Underlying Action and no duty to indemnify any of the Defendants for any adverse judgment in the Underlying Action.   Id. at ¶¶ 15-23.

I.  Duty to Defend

To determine if an insurer has a duty to defend, a court looks only to the facts in the complaint to evaluate whether "the complaint could, without amendment, impose liability for conduct covered by the policy."  Ledford v. Gutoski, 319 Or. 397, 399-400, 877 P.2d 80, 82 (1994).  "[I]f the complaint provides *any basis* for which the insurer provides coverage," an insurer is obligated to defend.  Id. at 400, 877 P.2d at 83.  Further, "[a]n insurer should be able to determine from the face of the complaint whether to accept or reject the tender of the defense of the action."  Id., 877 P.2d at 82.  As such, a court's review is limited to the four corners of the complaint and the insurance policy.  Bresee Homes, Inc. v. Farmers Ins. Exch., 353 Or. 112, 116, 293 P.3d 1036, 1039 (2012) (court looks at "two documents to determine whether an insurer has a duty to defend against an action against its insured: the insurance policy and the complaint in the action against the insured.").  "Any ambiguity in the complaint with respect to whether the allegations could be covered is resolved in favor of the insured. "  Ledford, 319 Or. at 400, 877 P.2d at 84.

The Policy provides insurance coverage, including a defense, for an "occurrence," which

is defined as an "accident, . . . which results, during the policy period, in: (1) Bodily injury; or (2) "Properly damage." First Am. Compl. at ¶ 17. "Bodily injury" is defined as "physical injury to a person." Id. The Policy also contains exclusions for "expected or intended injuries," and "criminal acts" which the Policy further defines. Id. at ¶¶ 18, 19.

Lund argues that Plaintiff's duty to defend claim must be dismissed because the Amended Complaint in the Underlying Action alleges that Lund's negligence caused Donald Dennis's death. He argues that although the Underlying Action also alleges assault and battery claims against Lund, a reasonable person could, on the facts alleged, determine that Lund was negligent in becoming intoxicated and fighting Donald Dennis. Further, he contends that the intoxication could reasonably negate an intent element of a battery claim or intent to commit a crime. Because a reasonable person could interpret the allegations against him in the Underlying Action to include covered matters, Plaintiff owes him a duty to defend.

I agree. While it may be that a jury agrees with Plaintiff that Lund's actions were not "accidental," but were intentional or criminal, the Amended Complaint in the Underlying Action clearly alleges negligence as an alternative claim to assault and battery. The facts alleged could support the negligence theory. The law is clear that even if the complaint contains allegations of conduct or damage excluded by an insurance policy, the insurer owes a duty to defend if the complaint also contains allegations for which there is coverage or which can be interpreted to fall within coverage. Paxton-Mitchell Co. v. Royal Indem. Co., 279 Or. 607, 611, 569 P.2d 581, 584 (1977) ("If the complaint contains some allegations of conduct or damage excluded from the policy but has other allegations which would fall within the policy coverage, the insurer has a duty to defend"). Such is the case here. I grant the motion to dismiss the duty to defend claim.

5 - OPINION & ORDER

II. Duty to Indemnify

The duty to indemnify is independent of the duty to defend. Ledford, 319 Or. at 403, 877 P.2d at 84. The insurer's duty to indemnify arises when the insured is "'liable for harm or injury that is covered by the policy.'" Leach v. Scottsdale Indemn. Co., 261 Or. App. 234, 247, 323 P.3d 337, 346 (2014) (quoting Ledford, 319 Or. at 405). If the facts proved at trial establish the liability of the insured, the insurer's duty to indemnify will also be established as long as the insured's conduct is covered by the policy. Charter Oak Fire Ins. Co. v. Interstate Mech., Inc., 958 F. Supp.2d 1188, 1215 (D. Or. 2013) (citing Ledford, 319 Or. at 403)). Thus, in order to determine the existence of a duty to indemnify, the court must examine the facts of the underlying lawsuit. Id.

Lund moves to dismiss the indemnity claim because given that the "actual facts" in the Underlying Action have not yet been determined, the indemnity issue is not justiciable. Plaintiff responds that dismissal is inappropriate and staying the indemnity claim is warranted only if proceeding with the declaratory action puts the insured in a conflictive position. Plaintiff argues that Lund is not in such a position here because the declaratory judgment action will not require him to abandon his denial of underlying liability or force him to come forward with evidence establishing such liability.

Judge Aiken recently explained that

"Oregon courts recognize that when the underlying tort action is still underway, it is appropriate to stay a simultaneous coverage action determining the duty to indemnify if the coverage action places the insured in 'the conflictive position' of being required to abandon its denial of liability in the underlying liability case in order to demonstrate coverage." Charter Oak Fire Ins. Co., 958 F. Supp. 2d at 1215 (citing N. Pac. Ins. Co. v. Wilson's Distributing Serv., Inc., 138 Or. App. 166, 175, 908 P .2d 827 (1995)). Therefore, Oregon district courts typically wait

until the underlying litigation is resolved and liability is determined before ruling on an insurer's duty to indemnify. Id. ("Courts typically determine the duty to indemnify only after the underlying liability action has been completed."); see also Country Mut. Ins. Co. v. Larson, No. 08–6154–TC, 2010 WL 1039790, at *5 (D. Or. Feb. 26, 2010); Evraz Or. Steel Mills, Inc. v. Cont'l Ins. Co., No. CV 08–447–JE, 2009 WL 789658, at *11–12 (D. Or. Mar. 20, 2009); Travelers Prop. Cas. Co. of Am. v. Martella, No. CV–04–176–ST, 2004 WL 1375283, at *6 (D. Or. June 18, 2004).

[Additionally,] federal courts have discretion whether to exercise declaratory relief jurisdiction. Charter Oak Fire Ins. Co., 958 F. Supp. 2d at 1216. Generally, a federal court may decline jurisdiction if exercising jurisdiction for the purpose of declaratory relief would require needless determination of state law issues, encourage forum shopping, or create duplicative litigation. Id. (citing factors in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942)).

Scottsdale Ins. Co. v. Ortiz & Associates, Inc., No. 3:13–cv–01791–AA, 2014 WL 1883653, at *3 (D. Or. May 9, 2014).

Here, Lund may well be in a conflictive position because to defend himself in this action and establish that Plaintiff does have a duty to indemnify, Lund may have to concede facts demonstrating his negligence. This conflicts with a denial of liability in the Underlying Action. See Charter Oak Fire Ins. Co., 958 F. Supp. 2d at 1218 (stay of indemnity issue was appropriate when resolution of the issue before the facts in the underlying action were actually determined put the declaratory judgment defendant in a conflictive position: the defendant would have to develop facts to show coverage in the declaratory judgment suit (by demonstrating that the conduct was an accident) that would undermine his position in the underlying action (alleging he was negligent)). Additionally, to determine Plaintiff's duty to indemnify, I would have to review the facts in the Underlying Action, which essentially creates duplicative litigation. I grant the motion to abate the indemnity claim.

Finally, while this motion to dismiss was fully briefed and under advisement, Plaintiff

7 - OPINION & ORDER

moved for summary judgment on both of its claims against Lund. Plaintiff's motion fails to contain the required certificate of conferral under District of Oregon Local Rule 7.1(a)(1). Accordingly, I deny the summary judgment motion under Local Rule 7.1(a)(3).

CONCLUSION

Defendant Lund's motion to dismiss, or alternative motion to abate [16] is granted as follows: the duty to defend claim against Lund is dismissed and the duty to indemnify claim against Lund is stayed pending resolution of the claims against Lund in <u>Dennis v. City of Portland, et al.</u>, No. 03:14-cv-00593-HZ. Plaintiff's motion for summary judgment [23] is denied.

IT IS SO ORDERED.

Dated this 14 day of JULY, 2014

_____
Marco A. Hernandez
United States District Judge

8 - OPINION & ORDER